**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: GJH-11-0378** |
| **JOHN LARRY DICKERSON,** | * | |
| | * | |
| **Defendant.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**<u>MEMORANDUM OPINION</u>**

Defendant John Larry Dickerson, who is 50 years of age, is currently serving a sentence of 140 months of incarceration at FCI Petersburg Low in Virginia after pleading guilty to (1) conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture containing a detectable amount of cocaine and (2) possession of a firearm in a school zone. ECF No. 169, 207. Pending before the Court is Mr. Dickerson's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 394. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Dickerson's Motion is granted.

**I.    BACKGROUND**

On January 26, 2012, the United States' Attorney for the District of Maryland filed a Superseding Information in this Court, charging Mr. Dickerson with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, and possession of a firearm in a school zone, in violation of 18 U.S.C. § 922(q)(2)(A). ECF No. 165. Defendant pleaded guilty to

1

both counts on the same day. ECF Nos. 167, 169. Attached to the plea agreement was a statement of stipulated facts describing conduct to which Mr. Dickerson pleaded guilty. ECF No. 169-1.

The stipulation states that, between at least November 2010 and July 15, 2011, Mr. Dickerson conspired with others to distribute 500 grams or more of cocaine. ECF No. 169-1 at 1. Mr. Dickerson and his co-conspirators stored and distributed cocaine and cocaine base at various locations in St. Mary's County, Maryland. *Id*. at 2. Law enforcement, via a court-authorized wiretap, captured Mr. Dickerson communicating about drug distribution over cellular telephones. *Id*. During a search conducted at Mr. Dickerson's residence on July 15, 2011, law enforcement located, among other items, a loaded pistol grip 12-gauge shotgun and a box of 12-gauge ammunition. *Id*. at 4. That same month, Mr. Dickerson possessed the shotgun within 1,000 feet of the grounds of a high school in Waldorf, Maryland. *Id*.

Defendant's sentencing hearing was held on April 27, 2012. ECF No. 205. Based on an offense level of 34 and Defendant's criminal history score placing him in criminal history category VI, the Court determined that Defendant's advisory sentencing guidelines range for Count 1 was 262 to 367 months, and 60 months as to Count 2. ECF No. 208 at 1. The Court sentenced Defendant to a total of 140 months incarceration; consisting of 140 months on Count 1 and a concurrent 60 months on Count 2. ECF No. 207 at 2. The Court additionally imposed an eight-year term of supervised release. ECF No. 207 at 3.

On February 4, 2021, Defendant filed a pro-se Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing his vulnerability to COVID-19 due to several

medical conditions. ECF No. 394. The Government filed an Opposition on February 12, 2021.

ECF No. 400. Defendant filed a Reply on February 16, 2021. ECF No. 403.[1]

## II.    DISCUSSION

Asserting that he is at serious risk of becoming severely ill from COVID-19 due to his

preexisting medical conditions and noting a recent hospitalization for an unrelated condition, Mr.

Dickerson moves for a reduction in his sentence for "extraordinary and compelling reasons"

pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 394. The Court reviews the framework

applicable to Defendant's request before assessing whether Defendant has satisfied its

requirements.

### A.  Governing Provisions

Recently modified by Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391,

132 Stat. 5194, 5238 (2018), 18 U.S.C. § 3582(c) bars courts from modifying terms of

imprisonment once imposed unless certain conditions are met. *See United States v. Chambers*,

956 F.3d 667, 671 (4th Cir. 2020). In relevant part, § 3582(c)(1)(A) provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of
> the defendant after the defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a motion on the defendant's
> behalf or the lapse of 30 days from the receipt of such a request by the warden of
> the defendant's facility, whichever is earlier, may reduce the term of
> imprisonment (and may impose a term of probation or supervised release with or
> without conditions that does not exceed the unserved portion of the original term
> of imprisonment), after considering the factors set forth in section 3553(a) to the
> extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by
> the Sentencing Commission[.]

---

[1] Defendant's Motion was filed under seal with an accompanying Motion to Seal, which is granted. ECF No. 395.
The parties also filed a Consent Motion for Briefing Order, which is granted. ECF No. 397.

18 U.S.C. § 3582(c)(1).

A complementary provision, 28 U.S.C. § 994(t), provides that the U.S. Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See United States v. Decator*, No. CCB-95-0202, 2020 WL 1676219, at *2 (D. Md. Apr. 6, 2020). The Commission has provided this description at § 1B1.13 of the U.S. Sentencing Guidelines, which states in relevant part that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> . . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Application Note 1 to § 1B1.13 further details the Commission's understanding of "extraordinary and compelling reasons," which includes if a defendant has been diagnosed with a terminal illness or other serious physical or medical condition, is above the age of 65 and is in deteriorating health due to aging, has experienced certain extenuating family circumstances, or if "[o]ther [r]easons" arise that have been "determined by the Director of the Bureau of Prisons" to be "extraordinary and compelling reason[s] other than, or in combination with, the reasons

4

described" in the Policy Statement. U.S.S.G. § 1B1.13 cmt. n.1(D). The Bureau of Prisons

("BOP") has offered its determination in a Program Statement numbered 5050.50 and titled

"Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C.

§§ 3582 and 4205(g)."[2]

Judges in this district and elsewhere have found, however, that § 1B1.13 and its

Application Note are inconsistent with the First Step Act. As Judge Chuang of this Court

recently explained in *United States v. Mel*, while § 1B1.13 "identifies certain specific scenarios

under which a sentence reduction could be warranted, it nevertheless permits a reduction based

only on meeting the broad category of 'extraordinary and compelling reasons'" as determined by

BOP. No. TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020) (citing U.S.S.G. §

1B1.13(1)(A) & cmt. n.1(D)). Judge Chuang reasoned, however, that "[s]ince the First Step Act

changes the law to allow a compassionate release reduction to be granted by the Court without

input from the BOP, the pre-First Step Act references in the policy statement to determinations

by the BOP are outdated and not binding." *Id.* Similarly, in *United States v. Decator*, Judge

Blake held that "[w]hile Sentencing Commission and BOP criteria remain helpful guidance, the

amended § 3582(c)(1)(A)(i) vests courts with independent discretion to determine whether there

are 'extraordinary and compelling reasons' to reduce a sentence." 2020 WL 1676219 at *2

(reaching this conclusion after a careful review of the relevant provisions and recent case law).

This Court recently found that these analyses are persuasive and therefore adopted the

same conclusions. *See United States v. Lazarte*, No. GJH-16-296, 2020 WL 3791977, at *3 (D.

Md. July 7, 2020). Accordingly, the Court's consideration of sentence reduction motions follows

the three steps established by § 3582(c)(1)(A) as modified by the First Step Act. First, assuming

---

[2] The Program Statement, issued January 17, 2019, is available at
https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited July 28, 2020).

the defendant has exhausted administrative remedies, the Court considers whether a reduction is warranted for extraordinary and compelling reasons, the meaning of which is a matter of the Court's "independent discretion." *Decator*, 2020 WL 1676219, at *2.

Next, the Court assesses whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable Policy Statement remains § 1B1.13, despite its partial nullification as a result of the First Step Act. Accordingly, pursuant to the Policy Statement, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;"[3] that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. Finally, § 3582(c)(1)(A) provides that after considering the Policy Statement, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."

### B.  Exhaustion of Administrative Remedies

As noted previously, § 3582(c)(1)(A) requires that a defendant seeking a modification of a term of imprisonment "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant filed a request for compassionate release with the Warden and his request was denied. ECF Nos. 394-2, 394-3. Therefore, he has exhausted his administrative rights.

---

[3] A provision of the Policy Statement not at issue here, § 1B1.13(1)(B), provides an alternative to finding extraordinary and compelling reasons under § 1B1.13(1)(A) for Defendants who are at least 70 years old and have served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c).

### C.  Extraordinary and Compelling Reasons

The Court next considers whether Mr. Dickerson has sufficiently demonstrated extraordinary and compelling reasons warranting a reduction of his sentence. Mr. Dickerson asserts that he suffers from hypertension, sarcoidosis, and hyperlipidemia and has a BMI of 29. ECF No. 394 at 4–5. The website for the Center for Disease Control ("CDC") places certain underlying medical conditions into two categories; in the first category, an adult with the identified condition has an "increased risk of severe illness from the virus that causes COVID-19," and in the latter, an adult with the condition "*might be* at an increased risk for severe illness from the virus that causes COVID-19." *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (emphasis added). Hypertension and a BMI of 29 are both found on the second list, *id.*, meaning Mr. Dickerson "might be" at an increased risk of severe illness from COVID-19.

The Government notes that Defendant has previously had COVID-19 and did not suffer severe illness. ECF No. 400 at 10. However, as Judge Bredar of this Court has noted, "it remains unknown both (1) to what degree individuals who recover from COVID-19 benefit from long-term immunity to the various strains of the virus, and (2) what sort of future complications an individual like [defendant] might suffer following an apparent recovery." *United States v. Corey*, JKB-09-0512, ECF No. 139 at 4. Additionally, a number of judges have found that a defendant's underlying conditions combined with the risk of contracting COVID-19 amounted to "extraordinary and compelling reasons" warranting a reduction of sentence, even if the inmate had previously contracted and appeared to have recovered from COVID-19. *United States v. Williams*, Crim. No. PWG-19-134, 2020 WL 3073320 (D. Md. June 10, 2020); *United States v.*

7

*Kess*, Crim. No. ELH-14-480, 2020 WL 3268093 (D. Md. June 17, 2020); *United States v. Fletcher*, Crim. No. TDC-05-0179-01, 2020 WL 3972142 (D. Md. July 13, 2020).

Finally, on January 18, 2021, Mr. Dickerson was transported to the hospital after BOP staff observed "seizure like activity." ECF No. 396 at 1. In the days leading up to this event, Mr. Dickerson had complained of headache, chest pain, and tingling over his entire body. *Id*. at 11. Although Mr. Dickerson tested negative for COVID-19 during that hospital visit, and there is no diagnosis indicating it was related to his earlier contraction of COVID, this recent hospitalization furthers the Court's concern for Mr. Dickerson's health status.

In sum, given Mr. Dickerson's health conditions and the continued spread of COVID-19, particularly in the prison system, the Court concludes that Defendant has shown extraordinary and compelling reasons warranting a sentence reduction.

### D. Additional Considerations

Having found that Mr. Dickerson has demonstrated extraordinary and compelling reasons for release, the Court next considers whether release is appropriate under the Sentencing Commission's Policy Statement at § 1B1.13 and the 18 U.S.C. § 3553(a) sentencing factors.

As noted previously, the Policy Statement directs that, to proceed with a sentence reduction, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;" that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. To determine whether a defendant is a danger under § 3142(g), courts consider the (1) "nature and circumstances of the offense charged"; (2) "weight of the evidence against the person"; (3) "history and characteristics of the person"; and (4) "nature and seriousness of the danger to any person or the

community that would be posed by the person's release." 18 U.S.C. § 3142(g). Here, the fact that the conviction involved a firearm leaves the Court with some concern, however, Defendant has now been incarcerated for nine years and seven months, ECF No. 400-1 at 3, and has had no infractions during that time, ECF No. 400-2. Thus, the Court finds that Mr. Dickerson is not currently a danger to the community.

With respect to the sentencing factors, § 3553(a)(1), "the nature and circumstances of the offense and the history and characteristics of the defendant," and § 3553(a)(2), "the need for the sentence imposed" to further several purposes, are relevant in weighing compassionate release motions. *See United States v. Williams*, No. 19-cr-284-PWG, 2020 WL 3447757, at *5 (D. Md. June 24, 2020). The purposes listed in § 3553(a)(2) include "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

After considering the § 3553(a) factors, the Court concludes that compassionate release is appropriate. While a review of Defendant's Pre-Sentence Report reveals a significant criminal history and the instant offense was serious, he has now been incarcerated for almost ten years and his release date is a mere four months away. ECF No. 400-1 at 3. Considering the additional burden placed on the prison population during the pendency of the COVID-19 pandemic, the Court finds that the Defendant has already served enough of his sentence to satisfy the purposes of sentencing set forth in § 3553(a)(2).

Accordingly, the Court will grant Defendant's Motion and reduce Mr. Dickerson's sentence to time served plus 14 days. The 14-day period is included so that Mr. Dickerson can remain in quarantine at his current facility before he is released. Defendant's conditions of supervised release shall be amended to include a four-month period of home detention.

III.    **CONCLUSION**

For the foregoing reasons, Defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C § 3582(c)(1)(A)(i), ECF No. 394, is **GRANTED**.

Date: <u>February 24, 2021</u>                            ___/s/_____

GEORGE J. HAZEL
United States District Judge